■ In the Matter of LANCER INSURANCE COMPANY, Appellant, v LEONARDO ROBAYO et al., Respondents, et al., Respondent. (Proceeding No. 1.) In the Matter of LANCER INSURANCE COMPANY, Appellant, v ANNA PAMPARA et al., Respondents, et al., Respondent. (Proceeding No. 2.) [813 NYS2d 772]—

In related proceedings, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of uninsured motorist claims, the petitioner appeals from an order of the Supreme Court, Queens County (Rios, J.), dated August 19, 2004, which, after a hearing, denied the petitions and dismissed the proceedings.

Ordered that the order is affirmed, with costs.

Juan Pampara, Anna Pampara, and Leonardo Robayo were allegedly injured in a motor vehicle accident which involved a hit-and-run driver. At the time of the accident, Juan Pampara was operating a vehicle he had rented from NYARC, Inc., doing business as Budget-Rent-A-Car (hereinafter Budget), and Anna Pampara and Robayo were passengers in the vehicle. The petitioner, Lancer Insurance Company (hereinafter Lancer), insured the rented vehicle through a "Business Auto" insurance policy issued to Budget. Juan Pampara was using the rental as a temporary substitute for his own vehicle, which was insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm).

Robayo, as well as Juan Pampara and Anna Pampara, filed demands for uninsured motorist arbitration. Lancer commenced a proceeding, inter alia, to stay Robayo's arbitration and a separate proceeding, inter alia, to stay the Pamparas' arbitration, contending that State Farm was required to provide primary coverage because the rental car was a temporary substitute. Based on the terms of the insurance policies before it, the Supreme Court determined that each insurer was liable on a

pro rata basis, because each policy contained an applicable provision stating that it was excess to other similar insurance, and denied the petitions. We affirm, but for reasons other than those cited by the Supreme Court.

Contrary to Lancer's contention, the Supreme Court correctly determined that State Farm's policy provision stating it was excess over similar insurance was applicable. However, the Supreme Court erroneously determined that Lancer's policy provision making it excess over other similar insurance was applicable as well. The "other insurance" provision in Lancer's uninsured motorist endorsement provided that: "With respect to bodily injury to an insured while occupying a motor vehicle not owned by the named insured, the coverage under this UM endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such motor vehicle as primary insurance, and this UM endorsement shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance." Since Lancer's named insured, Budget, owned the rental vehicle involved in the accident, the excess provision did not apply. Accordingly, Lancer's policy constituted primary insurance for all coverage. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.